# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA CROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-51-BMJ |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Barbara Cross, seeks judicial review of the Social Security Administration's (SSA) denial of her application for supplemental security income (SSI). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 11], and both parties have briefed their positions.[1] For the reasons set forth below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## I.   Procedural Background

On February 13, 2018, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff not disabled and, therefore, not entitled to SSI. AR 15-23. The Appeals Council denied Plaintiff's request for review. AR 1-6. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's ECF pagination.

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. § 416.920. Following this process, the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since September 26, 2016, her application date. AR 17.

At step two, the ALJ determined Plaintiff suffers from the following severe impairments: diabetes mellitus, hypertension, obesity, arthritis, and bilateral shoulder disorders. *Id.* at 17-18. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id*. at 18-19.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that:

> [Plaintiff] has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently. [Plaintiff] can sit for about six hours during an eight-hour workday and can stand and walk for about six hours during an eight-hour workday. [Plaintiff] can frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. [Plaintiff] can occasionally climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally reach overhead.

*Id.* at 19-22; *see also* 20 C.F.R. § 416.967(c) (defining medium work).

At step four, relying on a vocational expert's (VE) testimony, the ALJ determined Plaintiff is capable of performing her past relevant work as a courier and caregiver. *Id.* at 22-23. Based upon this finding, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. *Id.* at 23.

## III. Claims Presented for Judicial Review

Plaintiff alleges the ALJ erred in failing to properly evaluate: (1) Plaintiff's ability to afford medication and (2) medical evidence. Pl.'s Br. [Doc. No. 22] at 8-13, 13-23. As explained below, the Court finds that Plaintiff's arguments warrant reversal.

**IV.     Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009); *see also Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (holding that the court only reviews an ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied" and in that review, "we neither reweigh the evidence nor substitute our judgment for that of the agency" (citations and internal quotation marks omitted)). Under such review, "common sense, not technical perfection, is [the Court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

**V.     Analysis**

   **A.     Conflict between RFC and step-four finding**

As an initial matter, there is a plain inconsistency between the RFC assessed by the ALJ and the occupations expressly relied upon by the ALJ at step four. The ALJ's RFC includes a limitation that Plaintiff "can occasionally reach overhead." AR 19. The ALJ found that Plaintiff is capable of performing her prior relevant work of courier and caregiver, but both of those occupations require reaching "frequently." *See id.* at 22; *Dictionary of Occupational Titles* (4th rev. ed. 1991) (DOT) 230.663-010 (courier), 1991 WL 672160; DOT 354.377-014 (caregiver), 1991 WL 672933. "Occasionally" is defined as existing up to 1/3 of the time while "frequently" is defined as existing from 1/3 to 2/3 of the time. *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, App. C (Physical Demands: Absence or Presence of Other Physical Demand Components) (1993 ed.). Thus jobs that require frequent reaching are inconsistent with a limitation to only occasional reaching.

3

Though neither Plaintiff nor Defendant addressed this issue in their briefing, the Court cannot ignore the error as it fundamentally affects the ALJ's step-four finding of nondisability. And because there is not substantial evidence to support the ALJ's step-four determination that Plaintiff could perform the occupations relied on in the decision, the Court finds that reversal is warranted. *See Parker v. Berryhill*, No. CIV-16-1191-F, 2017 WL 5197030, at *3 (W.D. Okla. Oct. 25, 2017) (R&R), adopted 2017 WL 5196617 (W.D. Okla. Nov. 9, 2017) (remanding due to inconsistency between the DOT and jobs relied on, though neither party briefed the issue); *Truesdale v. Colvin*, No. CIV-12-1307-HE, 2014 WL 549377, at *1, *4 (W.D. Okla. Feb. 11, 2014) (remanding "in the interests of justice" based on argument plaintiff did not raise); *Womack v. Astrue*, No. CIV-07-167-W, 2008 WL 2486524, at *1, 3, 5 (W.D. Okla. June 19, 2008) (remanding on issue plaintiff did not raise because "[i]n the interests of justice," "[t]his Court cannot . . . ignore obvious and prejudicial errors, even if the litigants did not identify and debate them").

### B. Evaluation of medical evidence

#### 1. Right shoulder impairment

Plaintiff's argument that the ALJ failed to properly consider medical evidence relevant to her right shoulder pain also warrants remand. The ALJ described complaints of chronic bilateral shoulder pain, physical examinations indicating bilateral shoulder pain, imaging consistent with bilateral shoulder pain, and diagnoses consistent with bilateral shoulder pain. AR 20. But in finding improvement, the ALJ noted only that Plaintiff's *left* shoulder pain "resolved with treatment." *Id*. at 21. The ALJ did not recognize that Plaintiff's *right* shoulder pain persisted. *See id.*; *cf. id.* at 51 (Plaintiff testifying that treatment has worked well for her left shoulder but not for her right). Moreover, in further addressing Plaintiff's *bilateral* shoulder pain, the ALJ stated that it "has been responsive to conservative treatment with residual symptoms. Specifically, [Plaintiff]

reported 80 to 90 percent improvement, which reflects significant relief, and her left shoulder adhesive capsulitis quickly resolved with treatment." *Id.* at 22. Though the ALJ did not provide citation for this finding, the Court notes that a May 17, 2017, clinic note from Christopher White, M.D., reads: "At this point, she says her left shoulder is about 80% to 90% better . . . [but s]he does feel that she is regressed with the right shoulder and is having more pain and is wondering about an injection into the right side today." *Id.* at 478. Additionally, an August 30, 2017, clinic note from Dr. White states:

> This is a 55-year-old female who is being followed in clinic for right shoulder pain. She was previously diagnosed with right shoulder subacromial impingement and had a subacromial injection with that, which has significantly helped with pain in that area. She now only has minimal pain in regard to the subacromial impingement. In regard to her right shoulder, she is having mostly pain over the proximal biceps tendon. She had done physical therapy but has maxed out her visits. She says the pain in her biceps is not improving at all. In regard to the left shoulder, she is doing well with no current issues.

*Id.* at 482. Further undermining the ALJ's statement that Plaintiff's shoulder pain "has been responsive to conservative treatment," it appears that Dr. White considered surgery an option, but Plaintiff did "not wish[] to proceed." *Id.* at 483; *see id.* at 22.

An ALJ may not pick and choose among uncontroverted medical evidence, taking only those items that are favorable to a finding of nondisability. *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004); *see also Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (finding error when the ALJ "ignored evidence . . . that would support a finding of disability while highlighting evidence favorable to the finding of nondisability"); *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) ("It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."). While "an ALJ is not required to discuss every piece of evidence," he must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."

*Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996); *see also* 20 C.F.R. § 416.920(a)(3) ("We will consider all evidence in your case record. . . ."). Here, the medical evidence of record does not support the ALJ's determination that Plaintiff's *bilateral* shoulder impairment had been responsive to conservative treatment and had significantly improved. Rather, it only supports that determination with respect to Plaintiff's left shoulder – but not her right – and, therefore, the decision does not reflect that the ALJ considered all of the relevant evidence regarding Plaintiff's right shoulder pain, including "uncontroverted evidence" that the ALJ chose not to rely upon and "significantly probative evidence" that he rejected.

2. **Lumbago**

Plaintiff has also consistently complained of back pain and state agency consultative physician Raymond Azadgoli, M.D., found that she has scoliosis and diagnosed her with lumbago. *Id.* at 49, 53, 77, 203, 217, 222, 226, 233, 458-64. Though the ALJ acknowledged Plaintiff's testimony regarding her back pain, *id.* at 20, he did not acknowledge or discuss Dr. Azadgoli's diagnoses or physical exam results related to same. *See id.* at 19-22. On remand, the ALJ's decision should reflect that he evaluated Plaintiff's claims of back pain, including discussion of Dr. Azadgoli's findings and diagnoses. *See Clifton*, 79 F.3d at 1010.

C.     **Evaluation of Plaintiff's ability to afford treatment**

The Court notes that the ALJ referenced Plaintiff's "noncompliance" several times in his decision as well as stating "[w]hile [Plaintiff] appears to have financial difficulties, she receives medical treatment through the charity care program." AR 20, 21. Despite the ALJ's statement that he did "not find evidence of a significant barrier to treatment that substantiates [Plaintiff's] chronic noncompliance," the ALJ did not question Plaintiff about her access to treatment and medication and evidence of record indicates that the charity care program may not cover Plaintiff's medication. *See id.* at 21, 40-59 (hearing transcript noting Plaintiff's homelessness but no

6

discussion of her access to treatment), 491 (noting that Plaintiff goes to a low cost clinic, but "pays out of pocket for her diabetic supplies"); *see also id.* at 222 (Plaintiff stating she cannot afford regular doctors' visits and medications), 226 (same). On remand, the ALJ shall carefully consider any financial reasons Plaintiff may have for noncompliance. *See* SSR 16-3p, 2017 WL 5180304, at *9 (to be applied to decisions made on or after March 28, 2016) (requiring an ALJ to consider reasons for noncompliance when determining that treatment is inconsistent with claims of symptoms, and instructing that, when pertinent, the ALJ is to consider whether the claimant may not be able to afford treatment and "may need . . . to ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints"); *see also Alarid v. Colvin*, 590 F. App'x 789, 793 (10th Cir. 2014) ("[T]he ALJ is ordinarily required to address [a claimant's inability to pay for treatment] before drawing adverse inferences from the claimant's failure to seek or pursue treatment.").

### D. Additional Claims of Error

Because the above issues warrant remand, the Court need not address Plaintiff's other claims of error. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### VI. Conclusion

For the reasons set forth, the Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 4th day of November, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

7